LARSEN v. GRAND TRUNK WESTERN RAILROAD CO.

RAILROADS—NEGLIGENCE—GROSS NEGLIGENCE—LAST CLEAR CHANCE
—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In action for personal injuries caused to plaintiff when his automobile, which became stalled on railroad tracks at crossing, was struck by defendant's locomotive, where theory that defendant was guilty of gross, or after-discovered, negligence is not sustained by evidence, and recovery under theory of ordinary negligence is precluded by plaintiff's contributory negligence, verdict was properly directed for defendant.

Error to Genesee; Brennan (Fred W.), J. Submitted October 15, 1929. (Docket No. 95, Calendar No. 32,407.) Decided December 3, 1929.

Case by Soren Larsen against the Grand Trunk Western Railway Company for personal injuries received in a crossing accident. From a judgment on directed verdict for defendant, plaintiff brings error. Affirmed. Rehearing denied April 24, 1930.

*Vincent D. Ryan,* for plaintiff.

*Leo J. Carrigan (M. H. Bishop and R. R. Weaver,* of counsel), for defendant.

CLARK, J. Plaintiff, on his way to work, just before daylight, driving his automobile on a street in Flint, came to a railroad crossing of defendant. The crossing was protected by a lighted wigwag and a bell. The positive testimony, against which the negative testimony made no issue, is that as plaintiff approached the crossing the bell was ringing and the wigwag was operating showing a red light. The crossing was near a large automobile plant. The night shift was leaving, and the day shift entering. Many automobiles were in the street, to which plain-

Disregard of safety appliance at railroad crossing as contributory negligence, see annotation in 13 A. L. R. 949.

tiff in driving gave his attention. A sudden movement of an automobile ahead caused plaintiff to stop, and in doing so he stalled his motor. He stopped on the crossing. The train was approaching on a curve. There were cars on a side track. At what distance from the crossing the enginemen might have observed plaintiff's peril the record is not clear. Probably it was nearly 400 feet. Perhaps, on plaintiff's own testimony, it was much less. At the conclusion of plaintiff's case a verdict was directed for defendant. Plaintiff brings error.

A theory of recovery is that defendant was guilty of gross negligence. This assumes antecedent negligence of plaintiff as a remote cause, and subsequent negligence of defendant as the proximate cause. It is that defendant by the exercise of ordinary care ought to have discovered plaintiff's peril produced by his negligence and avoided injuring him. The record is barren of evidence to sustain this theory. The evidence does not establish at what point plaintiff's peril ought to have been discovered by the use of ordinary care, nor that, after discovery, the injury could have been avoided.

The other theory of recovery is ordinary negligence, so-called. It is that plaintiff was guilty of no contributory negligence, and that defendant's negligence was the proximate cause of his injury. If defendant's negligence be assumed, plaintiff's contributory negligence precludes recovery. The record shows an almost total failure of plaintiff to take precaution for his own safety, and a lack of proper attention to the crossing and its warnings.

We find no error.

Judgment affirmed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.

ON MOTION FOR REHEARING.

CLARK, J. In the opinion in this case there is remark of negative testimony, unnecessary to decision and justly criticized by counsel.

On motion for rehearing we adhere to the holding that plaintiff was guilty of contributory negligence as a matter of law and that verdict was properly directed.

Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.