BOEREMA v. COOK.

1. Motor Vehicles—Contributory Negligence—Directed Verdict.
    Automobile driver who, when 60 feet from intersection, saw defendant approaching from right 160 feet away at speed of 50 or 60 miles an hour, was guilty of contributory negligence as matter of law in proceeding to cross without again looking to right.

As to rights and duties at intersection of highways, see annotation in 58 A. L. R. 1197.

2. NEGLIGENCE—SUBSEQUENT NEGLIGENCE.
     Where drivers of automobiles in collision at intersection were
        both guilty of negligence in failing to look and see each other
        until it was too late to avoid accident, doctrine of subsequent
        negligence is not applicable.

Appeal from Kent; Dunham (Major L.), J. Sub-
mitted October 6, 1931. (Docket No. 3, Calendar
No. 35,797.) Decided December 8, 1931.

Case by Ralph Boerema against Adelbert Cook
for injuries received in an automobile collision at a
highway intersection. Directed verdict and judg-
ment for defendant. Plaintiff appeals. Affirmed.

*Francis L. Williams,* for plaintiff.

*Rodgers & Dunn,* for defendant.

McDONALD, J. The plaintiff reviews by appeal a
judgment of the circuit court for the county of Kent
in an action brought to recover damages for injuries
received in an automobile collision at a highway
intersection.

Eastern avenue is a county highway south of the
city of Grand Rapids. It extends north and south
and at the place of the accident intersects with the
Allen road. The plaintiff was driving north on
Eastern avenue. The defendant was driving west
on the Allen road. They collided at about the center
of the intersection. The plaintiff was injured and
brought this suit. On the trial the court held plain-
tiff guilty of contributory negligence as a matter
of law and directed a verdict in favor of the defend-
ant. The plaintiff claims that he was free from neg-
ligence, but, if he were not, his action was not barred,
because the defendant was guilty of subsequent neg-

ligence. These are the two questions involved in the suit.

As to the question of contributory negligence, the testimony shows that when the plaintiff was about 60 feet from the intersection he observed the defendant approaching 160 feet away driving at a speed of 50 or 60 miles an hour; that he concluded he had ample time to cross "without hastening;" that he proceeded ahead at a speed of 20 or 25 miles an hour without again looking in the direction from which the defendant was approaching; that, as he proceeded, he looked straight ahead only and did not see the defendant again after his first view of him until the cars were about coming together. In view of the position of the two cars and the speed at which defendant was driving, it may have been an error in judgment for the plaintiff to attempt to cross until the defendant, who was on his right, had passed over the intersection; but it was not negligence. His negligence consisted in failing to keep a lookout as he was crossing to see if he could continue on in safety. The requirement that one must use reasonable care for his own protection was not satisfied with the single observation which plaintiff made before entering the intersection. The situation was such as to call for further observation. Throughout the distance which he traveled before the collision his view was unobstructed. If he had looked again he would have seen the defendant nearby bearing down on him at a high rate of speed. If he had looked he would have realized his danger in time to have avoided the collision either by accelerating his speed or reducing it. In view of the circumstances, with which he was familiar, it must be held that he did not use ordinary care for his own safety and cannot recover unless the defendant was guilty of subsequent negligence.

The undisputed facts leave no room for application of that doctrine. The plaintiff's negligence continued up to the time of the accident. There is no doubt of defendant's negligence. He drove up to and into the intersection without looking for other traffic. If he had looked he would have seen the plaintiff and could have avoided the collision by turning in behind him where there was ample room to pass. The controlling fact in this case is that neither of these parties saw the other until it was too late to avoid injury. Both were negligent and the negligence of each continued up to the moment of the accident. The trial court correctly disposed of the issue.

The judgment is affirmed, with costs to the defendant.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.