HARRISON *v.* EASTERN MICHIGAN MOTOR BUS CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   On appeal from judgment entered on directed verdict, question for determination is whether there was any substantial evidence to go to jury.

2. MOTOR VEHICLES—NEGLIGENCE—DRIVING ON WRONG SIDE OF HIGHWAY.
   One who drives automobile on wrong side of highway assumes risk of experiment, and is required to use greater care than would be required had he kept on right side.

3. SAME—CONTRIBUTORY NEGLIGENCE—SUBSEQUENT NEGLIGENCE.
   Automobile driver who swung to left out of line of traffic, and, in attempting to get back into line, speeded up and crashed into rear of truck, at which time his car was struck by bus going in opposite direction, resulting in death of passenger in his car, was guilty of negligence which continued up to and contributed to accident (1 Comp. Laws 1929, §§ 4707[a], 4788), precluding recovery for passenger's death on ground that bus driver was guilty of subsequent negligence.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   One who by his own negligence gets into perilous position by reason of which he is injured, and his negligence continues to and contributes to his injury, may not recover.

Appeal from Jackson; Simpson (John), J. Submitted January 5, 1932. (Docket No. 4, Calendar No. 36,090.) Decided March 2, 1932.

Case by Jennie Harrison, administratrix of the estate of Richard H. Harrison, deceased, against Eastern Michigan Motor Bus Company, a corporation, for personal injuries resulting in death of plaintiff's decedent alleged to be due to defendant's negligence. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

As to right or duty to turn in violation of law of road to avoid traveler or obstacle, see annotation in 24 A. L. R. 1304; 63 A. L. R. 277.

*Wilkes & Stone* (*Rosenburg & Painter*, of counsel), for plaintiff.

*James A. Markle* (*Whiting, Kleinstiver & Aubrey*, of counsel), for defendant.

POTTER, J. Plaintiff, administratrix of the estate of Richard H. Harrison, deceased, sued defendant to recover damages claimed to have resulted from defendant's negligent killing of plaintiff's intestate. The amount of damages claimed was $34,915.50. Defendant denied liability, alleged its freedom from negligence and the contributory negligence of the driver of the vehicle in which plaintiff's intestate was riding, which contributory negligence is imputable to plaintiff's decedent. Upon a trial, there was judgment for defendant on a directed verdict. Plaintiff brings error. The automobile in which plaintiff's decedent was riding was going east on U. S. trunk line highway No. 12, about one and one-half miles east of Grass Lake in Jackson county. Defendant's bus was going west on the same highway. There was a truck and several automobiles ahead of the automobile in which plaintiff's decedent was riding. The driver of that automobile saw the bus of defendant coming when it was a quarter of a mile away. He swung out of the line of traffic on the right side of the highway and started to go by the automobiles and truck ahead of him. He could not get into the line of traffic, other cars had come up behind where he had gotten out of this line. He increased the speed of his automobile from 25 to 45 miles an hour and turned into the right side of the road back of the truck, which was proceeding about 25 miles an hour. He did this rapidly, put on his brakes to slow down, and as he did so his automo-

bile hit the back end of the truck. Defendant's bus, at that time, struck his automobile on the left side about the center of the body thereof, and, as a result, plaintiff's decedent suffered severe injuries from which he subsequently died. Plaintiff claims decedent's driver was not guilty of contributory negligence in seeking to pass this line of cars, that defendant was guilty of negligence, and the driver of the car in which plaintiff's intestate was riding was in the exercise of his best efforts to extricate himself from a perilous position, and these questions were for the jury. The question for this court to determine is whether there was any substantial evidence to go to the jury. The facts are not seriously in dispute.

"The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety." 1 Comp. Laws 1929, § 4707, subd. (a).

"In any action, in any court in this State when it is shown, by competent evidence, that a vehicle traveling in a certain direction overtook and struck the rear end of another vehicle proceeding in the same direction, * * * the driver or operator of such first mentioned vehicle shall be deemed *prima facie* guilty of negligence." 1 Comp. Laws 1929, § 4788.

One who drives on the wrong side of the highway assumes the risk of the experiment and is required to use greater care than as if he kept on the right side of the highway. *Winckowski* v. *Dodge*, 183 Mich. 303; *Ross* v. *Michigan Mutual Auto Ins. Co.*, 224 Mich. 263; *Lawrence* v. *Bartling & Dull Co.*, 255 Mich. 580.

Defendant's bus was on the right side of the highway. The driver of the car in which plaintiff's decedent was riding was guilty of negligence in getting into a place of danger in violation of the terms of the statute, and this negligence on his part was a contributing cause to the injury of decedent. The important question was whether there was sufficient proof to go to the jury of defendant's subsequent negligence. It is not true as a matter of law that one who is in a place of danger by reason of his own antecedent carelessness is not entitled to complain if he is purposely and intentionally run over and injured by one who has full knowledge of his perilous position and ample opportunity to avoid injuring him. Nor is it true that one whose innocent negligence has placed himself in a position of peril is not entitled to complain if another carelessly and negligently and with knowledge he is in a place of danger, runs into and injures him; but it is true that one who by his own negligence gets into a perilous position by reason of which he is injured and his negligence continues to and contributes to his injury, cannot recover. There must be a causal connection between the negligence and the injury. It must contribute thereto. The negligence of the driver of the car in which plaintiff's decedent was riding contributed to the accident. We find no error in the action of the trial court. Judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.