ROSENFELD *v.* CITY OF DETROIT.

1. AUTOMOBILES—STREET CARS—CONTRIBUTORY NEGLIGENCE.
   Motorist who drove upon car track with full knowledge of an approaching street car without first reasonably assuring himself of being able to continue his course and cross in safety *held,* guilty of contributory negligence as a matter of law.

2. APPEAL AND ERROR—DIRECTED VERDICT—AUTOMOBILES—STREET CARS—SUBSEQUENT NEGLIGENCE.

Upon appeal from directed verdict and judgment for defendant city, operating a street railway system, in action by motorist who drove upon tracks and stopped in front of approaching street car, pivotal question is whether physical facts are such as to render untenable plaintiff's theory that accident was proximately caused by motorman's failure to stop street car after he should have discovered plaintiff's peril.

3. STREET RAILWAYS—AUTOMOBILES—CROSSING TRACKS.

A motorman is not under duty to bring his street car under complete control whenever he observes an automobile crossing the track.

4. NEGLIGENCE — SUBSEQUENT NEGLIGENCE — ANTICIPATION OF UN-LAWFUL ACTION.

Subsequent negligence may not be imputed to a litigant merely because of his failure to anticipate unlawful action on the part of the one charging him with such negligence.

5. AUTOMOBILES — STREET CARS — SUBSEQUENT NEGLIGENCE — EVIDENCE.

In action by motorist who, in attempting to cross from private driveway on north side of street to drive in east-bound lane, was forced to stop on east-bound car track in front of approaching street car because of fast east-bound motor traffic, record *held*, to justify directed verdict and judgment for defendant city where there is no showing that motorman could have brought street car to a stop in time to have avoided collision after he discovered or should have discovered plaintiff's peril.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 9, 1936. (Docket No. 23, Calendar No. 38,593.) Decided March 2, 1936.

Case by Ben Rosenfeld against the City of Detroit, a municipal corporation, for damages for personal injuries and property destroyed in a collision between an automobile and a street car. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*David E. Flayer* (*Isaac Finkelstein,* of counsel), for plaintiff.

*Leo A. Sullivan* (*Rodney Baxter* and *James S. Shields,* of counsel), for defendant.

North, C. J. Plaintiff was employed in a plant located on the northerly side of Oakman boulevard in Detroit. He attempted to drive his automobile out of a private way on the employer's premises and to go in a southerly direction across the double line of defendant's street car tracks and then by a left-hand turn to get into the east-bound line of traffic on the southerly side of the boulevard. While upon the southerly or east-bound tracks one of defendant's cars struck plaintiff's automobile, and he brought this suit to recover for damages to his person and to his automobile. At the close of plaintiff's proofs and on defendant's motion, the circuit judge directed a verdict against plaintiff. He has appealed.

The street car tracks are located in the central portion of the boulevard. While still in the private driveway plaintiff looked both to the east and to the west for approaching street cars. None were coming from the east; but plaintiff observed a street car coming from the west and distant about four to five hundred feet from the crossing. Without stopping again or looking again, although his vision was unobstructed, plaintiff proceeded somewhat easterly and then southerly across the boulevard until his automobile was on defendant's east-bound tracks. Because of rapidly moving east-bound auto traffic plaintiff was compelled to stop his machine on defendant's east-bound track and while he was in that position his automobile was struck by the

east-bound street car. Plaintiff had gone about 50 feet from where he made his observation and at the rate of 10 miles per hour. He had observed that the street car was approaching at the rate of about 30 miles per hour and he claims that its speed was not slackened prior to the collision.

Under plaintiff's own statement of the facts he was guilty of contributory negligence in driving upon defendant's track with knowledge of the approaching street car without first reasonably assuring himself of being able to continue his course and cross in safety. But plaintiff seeks to recover upon the theory of subsequent or discovered negligence. It is his claim that an appreciable length of time intervened between the stopping of his auto on defendant's track and the collision. He does not claim to be able to fix this time definitely but estimated it at something like a minute. There was nothing to obstruct the motorman's view of plaintiff's automobile while standing on the track. Plaintiff asserts that defendant's motorman saw or at least should have seen plaintiff's position of peril when the street car was 300 feet distant from the automobile; and within that distance the motorman should have stopped the street car and avoided the accident. His failure to do so is the subsequent or discovered negligence in consequence of which plaintiff asserts his right to recover.

Decision herein turns upon whether the physical facts are such that they conclusively render plaintiff's theory untenable. We may assume, as plaintiff asserts, that the motorman saw or should have seen plaintiff's automobile come to a stop on defendant's east-bound track when there was an intervening distance of approximately 300 feet. At a speed of

30 miles per hour the street car reached the point of collision in six or seven seconds. Obviously the motorman was not in a position to instantly ascertain whether plaintiff could continue his course across defendant's track to a point of safety before the street car arrived at the crossing. The motorman had a right to assume that plaintiff would not drive upon the track in the face of a rapidly approaching street car unless plaintiff first reasonably assured himself that the way was open to completely cross the track to a place of safety. It is not the law that a motorman must bring his car under complete control whenever he observes in the distance a motor vehicle crossing the car track. Subsequent negligence will not be imputed to a litigant merely because of his failure to anticipate unlawful action on the part of the one charging him with such negligence. *Sanderson* v. *Barkman,* 264 Mich. 152.

While his reasons are not set forth in the record, the trial judge must have been of the opinion that the proximate cause of this collision was plaintiff's own negligence, and that the interim of time after the motorman observed or should have observed plaintiff's danger was so short that it was not possible for the motorman to avoid the collision. The record is such that it abundantly sustains this view. The crash must have occurred almost instantly after the motorman became aware or should have become aware of plaintiff's perilous condition. The record is barren of testimony as to the ability of the motorman, after he discovered or should have discovered plaintiff's peril, to have brought the street car to a stop in time to have avoided the collision. *Larsen* v. *Railroad Co.,* 248 Mich. 506.

Under the facts of this case there is no room to apply the doctrine of discovered or subsequent neg-

ligence. *Boerema* v. *Cook,* 256 Mich. 266; *Harrison* v. *Eastern Michigan Motor Bus Co.,* 257 Mich. 329. At best plaintiff made a case which disclosed concurrent negligence on the part of himself and of defendant's motorman. The circuit judge was right in directing a verdict in favor of defendant.

The judgment entered thereon is affirmed, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.