### HICKEY *v.* SMITH.

1. AUTOMOBILES—WRONG SIDE OF ROAD.
   It is the duty of a motorist who finds himself in a place of danger such as the wrong side of a road to take every reasonable precaution to avoid an accident.

2. SAME—UNAVOIDABLE ACCIDENT—CONCURRENT NEGLIGENCE.
   In case arising out of head-on automobile collision occurring at night after plaintiff's car came in contact with a horse running at large near or on right side of pavement, causing car to swerve partially to wrong side of highway where it had stopped 10 or 20 seconds before defendant's car, being driven at speed

of 30 to 35 miles an hour, collided with it, collision was result of either an unavoidable accident caused by horse running at large or else concurrent negligence of plaintiff's driver and defendant, recovery being precluded as a matter of law in either case, since plaintiff's driver had as much opportunity to avoid danger as did defendant.

3. Negligence—Husband and Wife—Imputed Negligence.
Negligence of husband in driving his wife's car is imputable to wife riding in it as a passenger.

4. Same—Discovered Negligence.
Doctrine of responsibility, notwithstanding discovered negligence of plaintiff, does not apply where plaintiff's negligence is, in order of causation, either subsequent to, or concurrent with, that of the defendant.

5. Same—Contributory Negligence.
Person continuing in place of danger after becoming aware of peril is guilty of negligence contributing to accident as a proximate cause and precludes recovery by such person even though defendant's negligence operated up to time of accident.

Appeal from Berrien; White (Charles E.), J. Submitted June 10, 1936. (Docket No. 26, Calendar No. 38,973.) Decided September 2, 1936.

Case by Lily Hickey against Max Smith for personal injuries sustained in a head-on collision between two automobiles. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Stuart B. White,* for plaintiff.

*Burns & Hadsell,* for defendant.

North, C. J. This is an automobile accident case involving a head-on collision between an automobile owned by plaintiff and at the time driven by her husband, Joseph Hickey, and an automobile owned

and driven by defendant Max Smith. Plaintiff had judgment and defendant has appealed. Defendant moved for a directed verdict and subsequently for judgment *non obstante veredicto*. These motions were denied. Appellant urges that the court was in error in denying these motions because it appears from the record that plaintiff's driver was guilty of contributory negligence as a matter of law, and such contributory negligence is imputable to plaintiff.

The accident occurred on M-60 in Berrien county, about two and a half miles west of Niles. This is an improved State highway running in an easterly and westerly direction, the asphalt-concrete driving portion being 20 feet in width with adequate adjacent berms. The accident happened about 9:30 in the evening. Plaintiff, her husband and their young daughter were proceeding in plaintiff's sedan in a westerly direction at the rate of 30 to 35 miles per hour. It was dark but the lights on plaintiff's car were dimmed. Suddenly a horse at large was discovered either upon the northerly portion of the pavement along which plaintiff's auto was proceeding or immediately at the northerly edge of the pavement. Plaintiff evidently discovered the presence of the horse before it had been observed by her husband and she called out, "Dad, look out for the horse." Mr. Hickey immediately applied the brakes but contact with the horse resulted in the automobile swerving to the left and going somewhat upon the southerly half of the pavement. We quote from plaintiff's declaration:

"And without any previous knowledge or warning to her (the plaintiff), or her said husband, a horse, whose ownership is not known to the plaintiff, suddenly, and with violence, ran against the plaintiff's

automobile from a point directly to the north thereof, and came in contact with the right side of the plaintiff's said automobile, at or near the front door thereof, and with such great force and violence that the said plaintiff's automobile was thereby forced or swerved to its left and was thereupon and almost immediately brought to a stop by its operator *at a point partly on the southerly half of the paved portion of said highway.*"

Just at this time defendant was proceeding in an easterly direction along this same highway and, according to the undisputed testimony, at a rate not in excess of 35 miles per hour. He and another man who was riding with him discovered the horse in the highway and thereupon defendant proceeded to slacken his speed. As alleged in her declaration, plaintiff's automobile came over south of the center line of the pavement and, notwithstanding defendant's efforts to avoid a collision, the left-hand front portion of his automobile collided with the left-hand front portion of plaintiff's car. In addition to damage to the automobiles both Mrs. Hickey and Mr. Smith suffered personal injuries.

While admitting that her automobile at the time of the collision was on the wrong side of the highway, plaintiff still contends that the collision is chargeable to defendant's negligence because plaintiff's car was in the position where it was struck a sufficient length of time to have enabled defendant, if exercising ordinary care, to have discovered the location of plaintiff's car and to have avoided colliding with it. The testimony in support of this phase of plaintiff's case upon which she principally, if not wholly, relies is that of her eight-year old daughter, Mary. This witness testified that after the impact between the horse and plaintiff's car occurred, and

after this car had gone over somewhat onto the southerly portion of the highway, her father brought it to a complete stop; and at that time the little girl observed the lights on defendant's automobile approaching from the west, and that an appreciable length of time intervened thereafter before the collision between the automobiles occurred. The testimony varies somewhat, but this time is fixed as having been from 10 to 20 seconds. It is plaintiff's claim that it was defendant's duty to operate his automobile in such a manner and at such a rate of speed that he could stop it "within the assured clear distance ahead, and within the range of his vision;" and that his failure to have done so was the proximate cause of the accident and rendered defendant liable.

The difficulty with fastening liability for this accident upon defendant on the theory above mentioned is that defendant's opportunity to avoid the accident was no greater or better than that of the driver of plaintiff's car. Mr. Hickey testified in behalf of his wife and his undisputed testimony is:

"*Q*.  At the time (of the collision) had you looked for any cars coming from the west?

"*A*.  No, I had no occasion.

"*Q*.  Notice any cars?

"*A*.  Nothing to draw my attention up that way.

"*Q*.  Look up the road?

"*A*.  I don't know as I did.

"*Q*.  There might have been a car there and you wouldn't have seen it?

"*A*.  There might have been."

Mr. Hickey further testified that "there must have been a little time" between the time he stopped his car on the southerly portion of the highway and the

time that the cars came together, probably 20 seconds; that during that time he did not "suppose" he attempted to move his car, stating, "I had no occasion, as I thought, to be in a hurry to move it. * * * I just stood there." In this connection Mr. Hickey further testified that he "didn't have any chance" to make an observation as to traffic coming from the west.

Clearly it was the duty of the driver of plaintiff's car, when he found himself in a place of danger or on the southerly side of the road where he did not have a lawful right to be, to take every reasonable precaution to avoid an accident. Under the undisputed testimony the driver of plaintiff's car, if he were exercising the care which the law requires of him, had as much of an opportunity to avoid the danger of the situation and an accident as did defendant. It follows that if defendant is chargeable with negligence, so also is the driver of plaintiff's car. In other words the record discloses that the collision was either the result of an unavoidable accident caused by a horse being at large upon the highway, or it was caused by the concurrent negligence of the driver of plaintiff's car and of defendant. In either event plaintiff is not entitled to recover. Admitting there may be merit to plaintiff's claim that the dangerous situation in which she was placed resulted from an accident rather than from her husband's negligence, which is imputable to her, still the rule of the following cases is applicable because of Mr. Hickey's failure to make any effort to remove plaintiff's car from its wrong and dangerous location:

"The doctrine of responsibility, notwithstanding discovered negligence of the plaintiff, does not apply where the plaintiff's negligence is, in the order of

causation, either subsequent to, or concurrent with, that of the defendant.'' (Citing cases.) *Labarge* v. *Railroad Co.*, 134 Mich. 139, 146 (14 Am. Neg. Rep. 575).

''It was her (plaintiff's decedent) negligence in continuing in the place of danger after she was fully aware of her peril that was as much the efficient cause of the accident as defendant's negligence. Such negligence on her part contributed to the accident as a proximate cause and precludes recovery even though defendant's negligence operated up to the time of the accident.'' *Krouse* v. *Railway Co.*, 215 Mich. 139, 146.

Defendant's motion for a directed verdict, and also his subsequent motion for judgment *non obstante veredicto* should have been granted. The judgment entered in the circuit court is reversed and the case remanded for entry of judgment in accordance herewith. Defendant will have costs of both courts.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.