ANDERSON *v*. BLISS.

1. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — DI-
RECTED VERDICT.

Pedestrian *held*, guilty of contributory negligence as a matter of
law where, after talking with driver of a lumber truck headed
south and parked three feet on west side of 20-foot pavement,
he walked to easterly side of pavement without making obser-
vation as to northbound traffic although his view thereof was
as unobstructed as that of defendant's driver who saw plain-
tiff 150 feet away but did not again see him until instant of
impact.

2. SAME—SUBSEQUENT NEGLIGENCE—ANTICIPATION OF NEGLIGENCE.

Executor of estate of decedent pedestrian *held*, not entitled to
go to jury on theory of subsequent negligence where evidence
shows decedent who had been talking with driver of truck
headed south and parked three feet on westerly side of 20-foot
pavement walked to easterly side of pavement without looking
for northbound traffic and defendant's driver who had seen
decedent 150 feet away had not again observed him until
instant of impact since defendant's driver was not bound to
anticipate unexpected negligent conduct on part of pedestrian
which was also a proximate cause of the accident and accident
happened instantly after driver discovered decedent in a place
of danger.

3. SAME—CONTRIBUTORY NEGLIGENCE—SUDDEN EMERGENCY.

Pedestrian's contributory negligence in proceeding across 20-foot
pavement without making observation for oncoming automobile
cannot be excused on ground of sudden emergency since he was
placed in a position of peril by his own negligence.

4. APPEAL AND ERROR — CROSS-EXAMINATION — SUBSEQUENT NEGLI-
GENCE—EVIDENCE.

Refusal to permit defendant's driver to answer question, while
being cross-examined under statute, as to how far he would
have had to swerve his car to avoid hitting decedent pedestrian
*held*, not prejudicial error, where there was no evidence of de-
fendant driver's subsequent negligence and other evidence dis-
closed such distance (3 Comp. Laws 1929, § 14220).

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 16, 1937. (Docket No. 114, Calendar No. 39,475.) Decided September 1, 1937.

Case by Ray Anderson, administrator of the estate of Arthur G. Anderson, deceased, against Forrest M. Bliss, individually and doing business as Lake Shore Upholstery Company, for personal injuries sustained when struck by defendant's automobile causing death of plaintiff's decedent. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*William J. Branstrom* and *Lou L. Landman*, for plaintiff.

*Robert A. Carr* and *Kelley, Sessions, Warner & Eger*, for defendant.

NORTH, J. This is a suit arising out of an automobile accident in which plaintiff's decedent, a pedestrian on the highway, received injuries which resulted in his death. At the close of plaintiff's proof defendant moved for a directed verdict in his favor on the ground that there was no testimony tending to establish negligence on the part of the driver of defendant's motor vehicle, and also that plaintiff's decedent as a matter of law was guilty of contributory negligence. The trial court directed a verdict in favor of defendant and plaintiff has appealed.

This accident happened on a north and south highway, the paved surface of which was 20 feet in width, and adjacent to the paved portion were reasonably adequate shoulders. The accident happened in the daytime, and under normal traffic conditions. Plaintiff's decedent was having a business conversation with the driver of a truck which was loaded with

lumber and was standing partly on the westerly shoulder of the highway and partly on the pavement. In its position it extended about three feet onto the westerly side of the pavement and was headed in a southerly direction. Plaintiff's decedent was standing at the left or easterly side of the cab as defendant's vehicle, a light delivery truck, approached from the south at a rate of 40 to 45 miles per hour. The driver of this vehicle saw plaintiff's decedent when about 150 feet distant from him, but did not observe him again until the instant of impact. As defendant's automobile, traveling on the easterly half of the paved portion of the highway, approached the standing truck, the deceased started to cross to the easterly side of the pavement. There is some testimony that at first he started to back away from the standing truck and other testimony that he was walking in a northeasterly direction with his head down. Just at this time another car had approached the point of accident from the north but had come to a stop behind the standing truck.

It is unnecessary to recite other details of the accident which plaintiff asserts show negligence on the part of defendant's driver, because we are of the opinion that the case must be disposed of on the ground that plaintiff's decedent was guilty of contributory negligence. He had the same opportunity to observe defendant's approaching vehicle that the driver thereof had to observe plaintiff's decedent. The view in the direction of defendant's approaching truck was unobstructed. Further, if the plaintiff's decedent had remained at the side of the standing truck he would not have been in a place of danger and the accident would have been averted. It cannot be questioned that he was guilty of negligence in starting to cross to the easterly side of the pavement

without looking to the south for oncoming traffic. Had he made such an observation he certainly would have become aware of the approaching vehicle and could have avoided the accident. There is no testimony from which it may fairly be inferred that at any time prior to the accident defendant's vehicle was being driven on any portion of the westerly half of the pavement. There was a space of six or seven feet between the easterly side of the standing truck and the black center line of the highway. Had plaintiff's decedent remained within this area he would not have been injured. A proximate cause of this accident was the failure of plaintiff's decedent to observe defendant's oncoming vehicle and his failure to refrain from moving into its path as it approached. It must be held that plaintiff's decedent was guilty of contributory negligence as a matter of law.

Appellant's contention that he should have been permitted to go to the jury on the theory of subsequent negligence cannot be sustained because the facts surrounding this accident, as disclosed by the testimony and as contended for by appellant, are inconsistent with recovery upon the theory of subsequent negligence. The defendant herein cannot be charged with subsequent negligence merely because his driver failed to anticipate unexpected negligent conduct on the part of plaintiff's decedent which was a proximate cause of the accident. *Rosenfeld* v. *City of Detroit,* 274 Mich. 650.

Appellant's construction of the testimony and his contention as to subsequent negligence is stated as follows in his brief:

"The only reasonable inference is that while Nelson (the driver of defendant's truck) was traveling the full 150 feet he did not (again) observe decedent and that his attention was attracted to him only by

and at the time of the impact. This evidence, coupled with that of the increasing speed of defendant's car as it approached decedent, clearly shows that Nelson was guilty of subsequent negligence."

Under such circumstances, the accident happening instantly after defendant's driver discovered plaintiff's decedent in a place of danger, there is no room for asserting right of recovery on the theory of subsequent negligence. *Harrison* v.' *Eastern Michigan Motor Bus Co.,* 257 Mich. 329; *Boerema* v. *Cook,* 256 Mich. 266.

Nor, under the facts in this case, is it possible to pass upon the question of the contributory negligence of plaintiff's decedent upon the assumption that he was confronted with a sudden emergency. The record does not justify an inference that he ever was aware of the impending accident. But if the facts were otherwise his course of conduct could not be excused on the theory of a sudden emergency because it was by his own negligence that he was placed in a position of peril. *Walker* v. *Rebeuhr,* 255 Mich. 204.

The driver of defendant's car was called by plaintiff for cross-examination under the statute.* Appellant assigns as error the refusal to permit this witness to answer the following question: "What distance would you have had to swerve your car to miss him?" In this connection it is stated in appellant's brief:

"Plaintiff contends that this was a proper question under the subsequent negligence issue. If Nelson had answered that he would be required to swerve his car but a foot or two it is evident that but for his subsequent negligence in failing so to do the striking would not have occurred."

---

* 3 Comp. Laws 1929, § 14220.—REPORTER.

Since, as we have held above, the theory of subsequent negligence was not applicable to this case, there was no prejudicial error in the court's ruling. It may also be added that other facts disclosed by the testimony indicated as clearly as an answer of the witness could have indicated how far defendant's truck must have veered to the right in order to have avoided striking plaintiff's decedent, and for this reason exclusion of the answer sought was not prejudicial.

The judgment entered in the circuit court is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.