YOUNG *v.* DETROIT TERMINAL RAILROAD CO.

1. RAILROADS — CROSSING ACCIDENT — AUTOMOBILES—CONTRIBUTORY NEGLIGENCE.

Plaintiff who had been riding with her husband in a coupe driven by him which became hopelessly stuck on a railroad crossing and unable to move forward or backward because of traffic jam and who remained in the car although she saw defendant's train approaching in ample time to have extricated herself from her position of peril *held*, guilty of contributory negligence as a matter of law notwithstanding her showing that the train appeared to be approaching at 5 to 10 miles an hour and to be stopping when about 300 feet away, that her husband who started to leave the car at the same time she did managed to reach a place of safety and plaintiff had unexpected difficulty in getting her car door open and was somewhat impeded by the character of her clothing and was nearly in a place of safety when hit by the side of the car which had been struck by the locomotive, since her negligence in remaining in a place of known danger contributed to the accident as a proximate cause.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

A plaintiff's negligence in continuing in a place of danger after being fully aware of her peril contributes to an accident as a proximate cause precluding recovery even though defendant's negligence operates up to the time of the accident.

BUSHNELL and McALLISTER, JJ., dissenting.

Appeal from Wayne; Webster (Arthur), J. Submitted June 7, 1938. (Docket No. 11, Calendar No. 39,955.) Decided December 22, 1938.

Case by Edith Young against Detroit Terminal Railroad Company, a Michigan corporation, for personal injuries sustained when struck at a railroad and city street intersection. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*William Abramsohn,* for plaintiff.

*John J. Danhof (William A. Alfs,* of counsel), for defendant.

NORTH, J.   Plaintiff, alleging that she sustained damage by reason of the automobile in which she was a passenger being struck by a train of the defendant railroad company, brought this suit to recover for injuries.   There was a trial by jury and plaintiff prevailed.   On defendant's motion judgment *non obstante veredicto* was entered and plaintiff has appealed.   This motion was granted upon the sole ground that under this record plaintiff was shown to be guilty of contributory negligence as a matter of law.   This ruling presents the only question for review.

The following statement of facts is in accord with that contained in appellant's brief or in her testimony.   Elmhurst avenue extends in an easterly and westerly direction in the city of Detroit and is crossed practically at right angles by a main track of the defendant railroad company.   On the afternoon of the day of the accident plaintiff was riding in a westerly direction on Elmhurst avenue in a Ford coupe, driven by her husband, at the rate of about five miles per hour and in a line of slow moving congested traffic.   A short distance west of the intersection of defendant's tracks with Elmhurst avenue and on the southerly side of the street is a parking lot for automobiles.   Just as plaintiff and her husband reached the railroad tracks the congested line of traffic moving westerly was stopped by automobiles coming out of the parking lot.   On this account the Ford coupe was stopped squarely on the tracks of defendant company.   Both the automobile in front and the one in the rear of the Young's

automobile were standing immediately adjacent to the Young's car. The traffic jam was such that this car could neither be moved forward nor backward. Defendant's train involved in this accident approached from the south. Plaintiff had a clear view of the railroad track to the south for a distance of approximately 500 feet, at which point there was a curve in the tracks. As the locomotive of this train, consisting of 20 to 25 freight cars, came around the curve it was observed by both plaintiff and her husband. Its rate of speed was estimated at from 5 to 10 miles per hour. Plaintiff, after observing the approaching train, sat in the automobile while it was stopped on the track and watched the train proceeding toward her. When it was half way, about 300 feet down the track, it appeared to her to slacken its speed and plaintiff thought the train would stop. As the locomotive approached the automobile on the crossing the engineer sounded several blasts of the whistle which were heard by Mr. Young but which Mrs. Young stated she did not hear. Nonetheless she observed the approaching train, and made no attempt to get out of the automobile until the train was from 50 to 75 feet of the automobile. Mr. Young succeeded in getting out of the left-hand side of the car in time to get to a place of safety, but Mrs. Young, because of the character of her clothing and because she had some trouble with the door catch on her side of the car, was delayed somewhat in getting out. Notwithstanding this she succeeded in getting out of the car and proceeded toward the front of it in an effort to get to a place of safety as quickly as possible. Just as she was alongside the right front fender, the automobile was struck by the locomotive and in turn the right front portion of the automobile struck plaintiff and threw her forward and to her right upon the pavement and out of the

path of the automobile which was pushed by the locomotive some 10 or 12 feet in a northerly direction before the train was brought to a full stop. The engineer, according to his testimony, had applied the emergency brakes about 80 feet south of the Ford coupe. From his side of the cab his vision, as he testified, was shut off by the locomotive boiler when it was about 200 feet from the crossing; but upon being warned of the situation by his fireman he applied the emergency brakes as above stated.

Plaintiff testified as follows:

"When the traffic in front of us did not move and the train continued to come on and Mr. Young ejaculated, then I, too, got out of the car. I started to get out at the same time he did. * * * I did not pull that catch (on the automobile door) far enough, and it did not open, and I was frigid with fear then. That is the first fear that I had really felt; * * * I had been in the car before, and there had been no trouble with the door.

"*Q.* And you were unable to move your automobile because there was a car directly ahead of you, and as your husband and you testified there was another automobile directly behind you, so you were just stuck on the railroad track and could not move one way or the other, is that right?

"*A.* That is right.

"*Q.* Then you continued to watch this train as it came towards you?

"*A.* Yes.

"*Q.* And you stayed right in the car, the automobile, until you decided that it would be a good idea to get out?

"*A.* That it was dangerous.

"*Q.* Yes; and at that time, when you started to get out, I think you told us that the train was about 40 or 50 feet away from the automobile.

"*A.* As near as I could judge.

"*Q.* Very close, anyway.

"*A.* Close. * * *

"*Q.* You were figuring it pretty close, weren't you?

"*A.* No, I was not figuring it at all.

"*Q.* If you had gotten out of the automobile when you first saw the train coming down on you, you would have had plenty of time to get out and get a block away?

"*A.* Yes.

"*Q.* And if you had got out when the train was say 300 feet away you could have gotten out of there and gotten to the fruit stand (on the north side of Elmhurst avenue) before the train hit, couldn't you?

"*A.* Yes.

"*Q.* So, if the train was, let us say, 200 feet away from your automobile, if you had gotten out then you would have had plenty of time to get to a place of safety?

"*A.* Yes. * * *

"*Q.* And on this day in question it was a pretty clear day in the fall.

"*A.* Beautiful day.

"*Q.* Nothing at all to obstruct your view?

"*A.* Nothing at all.

"*Q.* You could see up the railroad track just as far as your eyesight would carry?

"*A.* Perfectly."

Under this record we are of the opinion it conclusively appears plaintiff was guilty of contributory negligence. Even if this train of cars was not approaching the automobile at a speed in excess of 5 or 10 miles per hour and it seemed to plaintiff to slow down somewhat, in consequence of which she assumed the train would stop in time to avoid the collision, still she was bound to exercise reasonable care for her own safety. This she did not do. Instead she remained seated in the automobile fully

conscious of the approaching train for a period of time which was more than ample for her to have gotten out of the automobile and to a place of safety. Plaintiff not only had time in which to act in this matter but there was every reason why she should have done so. The automobile in which she was seated was hopelessly hemmed in by a blockade of other machines both in front of and in the rear of the car occupied by plaintiff. Plaintiff was not burdened with the responsibility of managing the auto in which she was seated. Her husband was driving. Instead of acting for her own safety, she took a chance on the impending accident being avoided by the train stopping or by the automobiles on the street moving in time to avoid the accident. Under the circumstances plaintiff was guilty of contributory negligence as held by the circuit judge.

The instant case in its legal aspect does not differ materially from *Krouse* v. *Railway Co.*, 215 Mich. 139. It might well be said of plaintiff in the instant case, as we stated concerning the injured woman in the *Krouse Case:*

"It was her negligence in continuing in the place of danger after she was fully aware of her peril that was as much the efficient cause of the accident as defendant's negligence. Such negligence on her part contributed to the accident as a proximate cause and precludes recovery even though defendant's negligence operated up to the time of the accident."

Regardless of holdings cited in appellant's brief from other jurisdictions, in this State the law which controls this case is that of *Krouse* v. *Railway Co.*, *supra,* and other cases of like character. See *Larsen* v. *Railroad Co.*, 248 Mich. 506; *Kraft* v. *Railway Co.*, 262 Mich. 494; *Hickey* v. *Smith*, 277 Mich. 123 (1 N. C. C. A. [N. S.] 167).

The judgment entered in the circuit court is affirmed, with costs to appellee.

Wiest, C. J., and Butzel, Sharpe, Potter, and Chandler, JJ., concurred with North, J.

McAllister, J. (*dissenting*). I am of the opinion that the question of plaintiff's contributory negligence was for the jury.

The freight train was 500 feet away when it first came into view of the plaintiff. It was proceeding at the slow rate of speed of from 5 to 10 miles per hour. According to plaintiff's testimony, it appeared to her to be slowing down. When it was 300 feet away, she thought it was going to stop. When it appeared that the train was going to continue on and crash into the automobile which was stopped in heavy traffic on the crossing, plaintiff got out of the car. She was hampered, however, by her clothes, and by the fact that she encountered difficulty in opening the door. Her husband, who started to leave the car at the same time as plaintiff, avoided injury from the collision. Even with the delay resulting from unforeseen mischance, plaintiff almost got clear of the car.

Without this unexpected difficulty with the door of the car, which obstructed her leaving the automobile, plaintiff would not have been injured. Was her staying in the automobile, until her husband started to get out, the proximate cause of her injuries? Not unless the injuries would have occurred as the result of her remaining in the automobile until that time. But the evidence is persuasive that plaintiff's delay in starting to get out of the car would not have resulted in her injuries if the door of the automobile had not stuck, and her clothing had not impeded her.

It cannot be said that plaintiff was guilty of contributory negligence as a matter of law at the time

that she started to leave the automobile and that such contributory negligence was the proximate cause of her injuries.  This was a question of fact, which was properly submitted to the jury; the judgment *non obstante veredicto* should be set aside and judgment entered in accordance with the verdict, with costs to plaintiff.

BUSHNELL, J., concurred with McALLISTER, J.