MARTIN *v.* CITY OF DETROIT.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—
   INTERSECTION.

   Plaintiff motorist, whose right rear fender was hit by defend-
   ant's bus, was guilty of contributory negligence as a matter of
   law where he was travelling northerly at speed of 15 miles an
   hour and when 30 feet south of intersection could see west-
   bound bus going 20 miles per hour some 200 or 300 feet east
   of intersection and although able to stop his car in 10 to 15
   feet did not do so when entering intersection where view was
   unobstructed and at which time he saw bus about 50 feet
   east of intersection.

2. SAME—NEGLIGENCE—SUBSEQUENT NEGLIGENCE—BUS DRIVER.

   While driver of bus with 35 passengers aboard, who did not see
   plaintiff approaching intersection, at which view was unob-
   structed, until plaintiff was 10 feet away and in front of bus
   then being driven at speed of 22 miles an hour but not capable
   of being stopped in less than 50 feet with such load, was
   plainly guilty of negligence, he was, as a matter of law, not
   guilty of subsequent negligence.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted January 16, 1946. (Docket No. 37, Cal-
endar No. 43,140.) Decided March 5, 1946.

Case by William Martin against Department of
Street Railways of the City of Detroit for injuries
sustained in a collision between his automobile and
defendant's bus. Verdict for plaintiff. Judgment
for defendant *non obstante veredicto*. Plaintiff ap-
peals. Affirmed.

Contributory negligence of plaintiff sufficient to bar recovery as a
matter of law, see 2 Restatement, Torts, §§ 432, 463, comment b,
464, comment a, 466, comment g; standard of conduct, §§ 283-285.

*Davidow & Davidow,* for plaintiff.

*Leo A. Sullivan* (*Rodney Baxter,* of counsel), for defendant.

REID, J.   This action is brought to recover for damage to plaintiff's car and for personal injuries sustained by plaintiff in a collision which occurred at the intersection of Elmhurst and Turner avenues in the city of Detroit at 3:06 p.m. on November 14, 1942, between the automobile owned and driven by plaintiff, and a bus operated by the defendant department of street railways of the city of Detroit.   Trial was had by a jury and the verdict was for the plaintiff in the sum of $1,000.   Decision on a motion for a directed verdict having been reserved under the Empson act,* the trial judge entered a judgment of no cause of action notwithstanding the verdict.   Plaintiff appeals.

Plaintiff, a resident of the city of Jackson, was on the occasion in question driving northerly on Turner avenue.   Plaintiff's testimony is not entirely consistent.   On direct examination, he testified that as he approached a point about 50 feet southerly from the intersection with Elmhurst avenue, he noticed the bus in question approaching going west on Elmhurst, and that the bus was then between 200 and 300 feet from him, that he was driving about 15 to 18 miles an hour, that when the front of his car was in the intersection he observed the bus seemed to be gaining speed, that he, plaintiff, was closer to the intersection, that he stepped on the accelerator to get ahead, knowing that if he attempted to stop he would perhaps stop right in front of the bus, that as

---

* 3 Comp. Laws 1929, § 14531 *et seq.,* as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1945 Cum. Supp. § 27.1461 *et seq.*).—REPORTER.

he had practically cleared the intersection the bus hit the rear end of his car just back of the rear wheel and turned the car three-quarters of the way around, that he was rendered unconscious and was taken to the Receiving hospital, and that he suffered pain in his shoulders and neck and in his side and has some pain yet. He also testified to the repair bill for his car, to his inability to work for 21 or 22 days, and as to his earnings and medical expenses.

Later on cross-examination plaintiff admitted signing a statement taken November 18, 1942, at 1:36 p.m., concerning which statement he testified:

"The information contained in these sheets, is what I gave the investigator, to the best of my knowledge now, the best I remember. At that time, to the best of my knowledge, that was the truth of the circumstances concerning this accident."

He further testified:

"I believe that my recollection of the circumstances concerning this accident is much clearer three days after the accident than it is today."

In the written statement he says that when he first noticed the coach (the bus) it was about 100 feet east of Turner going about 20 miles per hour when plaintiff was 30 feet south of Elmhurst going 15 miles per hour, that the bus was traveling in the second lane of traffic south of the north curb of Elmhurst, that plaintiff was traveling in the second lane west of the east curb of Turner, and further,

"I proceeded north to cross Elmhurst. I had decided I had time to cross Elmhurst, then when the front wheels of my auto were directly in front of the coach I noticed that the coach was going faster than I had thought. The coach was then about 20 feet to my right. It appeared to be going at a fast rate of speed. I attempted to speed up my car by

stepping on the gas. My car did speed up some and I swerved a little to the west, but the right front corner of the coach struck my right rear fender, my car came to rest with the front wheels over the curb on the northwest corner and the rear wheels on Turner."

At the time of the accident neither of the streets in question was a stop street and there was no operating traffic light to control traffic passing through the intersection.

Appellant raises no question concerning rulings admitting testimony or concerning the charge to the jury. It is the claim of appellant, as indicated in the questions involved, and answers thereto as submitted by him, that the question of plaintiff's contributory negligence was a question for the jury to determine, that the defendant was guilty of subsequent negligence which was the proximate cause of the accident, that the judgment in favor of defendant was against the great weight of the evidence and contrary to law, and that the trial court for the purpose of defendant's motion for judgment *non obstante veredicto* did not view the testimony in the light most favorable to plaintiff.

We will first consider the question whether plaintiff was guilty of contributory negligence as a matter of law. We consider the following cases, among others, as being of value in determining this question: *Geeck* v. *Luckenbill,* 215 Mich. 288; *Hutton* v. *Railway Co.,* 220 Mich. 1, 8, and cases there cited; *Koehler* v. *Thom,* 285 Mich. 593, 599, and cases there cited.

The bus driver testified that the bus in question was a 27-passenger bus but that it was carrying about 35 passengers. The bus driver admits that he did not see plaintiff's car until it was about 10 feet from the bus and in front of the bus. The pavement

on the day in question was dry. The bus driver testified that he was going about 22 miles an hour and that at that speed he could not stop the bus in less than 50 feet, "with a big load," on dry pavement.

Plaintiff's signed statement recited, "There is nothing at this corner to obstruct the view of either driver." Each driver could have seen the other motor vehicle in an abundance of time to stop and avoid the collision. Plaintiff testified that he could have stopped his car in 10 or 15 feet when traveling at the rate of speed that he says he was traveling. Plaintiff testified that when he first saw the bus he could not determine the speed of the bus but estimated it to be around 20 miles an hour. He further testified:

"*Q.* Do you know where the bus was when the front of your automobile got at the southerly side of the intersection?

"*A.* The bus was about 50 feet from the intersection. That was my judgment.

"*Q.* The bus was about 50 feet from the intersection?

"*A.* Yes.

"*Q.* When you reached the south side of the intersection?

"*A.* That's right. As I entered the intersection."

Evidently a collision was imminent if plaintiff continued into the intersection when the bus was about 50 feet from the intersection. Plaintiff further testified,

"*Q.* So you never made another observation until you got your automobile down the center of the intersection for the bus which you saw the first time when your automobile was 50 feet south of the intersection?

"*A.* No, not of the bus."

Under all the circumstances of this case, plaintiff was guilty of contributory negligence as a matter of law in not stopping his car on seeing the near approach of the bus when plaintiff was about to enter the intersection.

Although the driver of the bus was plainly guilty of negligence, still there is nothing about his negligence that falls within the rule as to subsequent negligence. Even if the driver of the bus had acted as a reasonably prudent driver would act, there was still no opportunity for him to prevent the collision after plaintiff's car had progressed so far that the bus driver could have discovered plaintiff in a position of peril. *Rosenfeld* v. *City of Detroit*, 274 Mich. 650; *Cline* v. *Killingbeck*, 288 Mich. 126. See, also, *Hickey* v. *Smith*, 277 Mich. 123 (1 N. C. C. A. [N. S.] 167).

Viewing the testimony in the light most favorable to plaintiff, the plaintiff is to be considered guilty of contributory negligence as a matter of law and we determine that as a matter of law the defendant bus driver was not guilty of subsequent negligence.

Judgment was properly entered for the defendant. The judgment is affirmed. Costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred.