BRUER *v.* CITY OF DETROIT.

1. STREET RAILWAYS—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—STREETCAR TRACKS—CROSSING.

> Motorist who drove across southbound traffic lane 60 feet wide and 15-foot space between it and southbound streetcar tracks and remained there some 30 to 35 seconds while southbound streetcar traveled about 600 feet *held,* guilty of contributory negligence as a matter of law, where he failed to show he could not with safety have either backed onto 15-foot strip just crossed or have proceeded to place in front of stopped northbound streetcar or to the 15-foot strip between northbound streetcar tracks and northbound traffic lane 60 feet wide, since plaintiff's negligence in failing to see the approaching southbound car and to attempt to remove himself from the position of peril in its path is not shown to have ceased to operate as a proximate cause of the accident at any time prior to its occurrence.

2. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—PROXIMATE CAUSE.

> Plaintiff's negligence must have placed him in a position of danger, have left him there and have ceased to operate as the proximate cause of the accident and defendant must have discovered plaintiff's peril in time to avoid the accident and have failed to do so, so that defendant's negligence operates as the proximate cause of the accident in order to apply the theory of subsequent negligence.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 9, 1952. (Docket No. 17, Calendar No. 45,065.)   Decided March 6, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles § 437.
[2] 5 Am Jur, Automobiles §§ 489–491.
[2] Doctrine of last clear chance.   92 ALR 47.

Case by Walter Bruer against City of Detroit, Department of Street Railways, to recover for injuries suffered when his automobile was struck by defendant's streetcar. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*W. J. McBrearty,* for plaintiff.

*Leo A. Sullivan (James S. Shields* and *A. Albert Bonczak,* of counsel), for defendant.

DETHMERS, J. Plaintiff sues to recover for personal injuries and property damage resulting from an intersection collision between an automobile owned and operated by him and defendant's streetcar. From judgment *non obstante veredicto* in defendant's favor plaintiff appeals, contending that the trial court erred in holding him guilty of contributory negligence as a matter of law and that, even if guilty of negligence, he is entitled to recover under the doctrine of subsequent negligence.

The site of the collision is the intersection, in the city of Detroit, of Merton road, running east and west, and Woodward avenue, which runs north and south and is at that point 164 feet wide from the east to west curb. The avenue is divided into 3 parts, the west 60 feet being paved for the use of southbound and the east 60 feet for northbound vehicular traffic. Except at intersections, the middle 44 feet is enclosed within curbs and constitutes unpaved islands, closed to automobile traffic, on which are 2 sets of defendant's streetcar tracks, the west set being for southbound and the east set for northbound streetcars. The distance from the islands' west boundary curb line to the most westerly rail of defendant's tracks is 15 feet. From the east rail of the west set of tracks to the islands' east boundary curb line is

25 feet. From that curb line it is 15 feet to the east rail of the east set of tracks. One stationed in the intersection at any point within the curb lines bounding the islands would be in the clear from any north- or southbound automobile traffic on the avenue.

On a clear, cold day plaintiff drove his automobile east on Merton road approaching Woodward avenue. He stopped his automobile before entering Woodward, observed approaching traffic, which he allowed to pass, and also a southbound streetcar standing some 600 or 700 feet north of the intersection. He crossed the west portion of the avenue and stopped just west of the west set of car tracks. There he made another observation, saw the southbound streetcar still standing where he had seen it before and thereupon drove his automobile forward onto the west set of tracks, at which time he saw a northbound streetcar come from the south and stop for passengers. Plaintiff stopped his automobile on the west set of tracks and saw the streetcar north of him still standing in its original position over 600 feet distant. He did not again look to the north but kept his automobile standing in that position on the west set of tracks from 30 to 35 seconds, when it was struck by a southbound streetcar which had entered upon the west set of tracks from a "Y" located about 600 feet north of plaintiff and just south of the streetcar which plaintiff had seen standing to the north of him. At no time did plaintiff see the car which struck him, nor was he aware of its approach over the 600 feet of track to the north of him. In testimony he excused his failure to have observed the approaching streetcar or to have removed his automobile from its position of danger by the statement that he did not think the streetcar he saw standing over 600 feet to the north would run into the side of his automobile without giving him warning.

Plaintiff urges in his brief that he was not guilty of contributory negligence as a matter of law in driving and stopping upon the tracks in front of a standing car over 600 feet distant. That is beside the point. The real question relates, rather, to what he did or failed to do after getting his automobile into that position of peril, namely, keeping it there for 30 to 35 seconds thereafter without making further observation to the north or seeing the approaching streetcar as it proceeded toward him for a distance of a least 600 feet and without taking any action whatsoever to avoid the impending accident, of which a proper observation would have warned him. That his conduct in this respect constitutes contributory negligence as a matter of law is a conclusion inescapable in view of the long line of decisions of this Court, too numerous to mention, of which the following are typical: *Boerema* v. *Cook,* 256 Mich 266; *Rosenfeld* v. *City of Detroit,* 274 Mich 650; *Block* v. *Peterson,* 284 Mich 88; *Koehler* v. *Thom,* 285 Mich 593; *Nelson* v. *Linderman,* 288 Mich 186; *Lacaeyse* v. *Roe,* 310 Mich 591; *Martin* v. *City of Detroit,* 314 Mich 77; *MacDonald* v. *Skornia,* 322 Mich 370: Authority to the contrary is not to be found in the 4 cases cited by plaintiff in this connection, *viz.: Golob* v. *Detroit United Railway,* 228 Mich 201; *Rogers* v. *City of Detroit,* 289 Mich 86; *Covert* v. *Randall,* 298 Mich 38, and *Defnet* v. *City of Detroit,* 327 Mich 254.

Is the doctrine of subsequent negligence applicable? In *Dulemba* v. *Tribble,* 325 Mich 143, we said:

"In *Sloan* v. *Ambrose,* 300 Mich 188, this Court said:

" 'To apply the theory of subsequent negligence, plaintiff's negligence must have put him in a position of danger, have left him there, and have ceased to operate as the proximate cause of the accident and defendant must have discovered plaintiff's peril

in time to have been able to avoid the accident and have failed to do so, so that defendant's negligence operates as the proximate cause of the accident.'
* * *

"To the same effect, see *Mallory* v. *Pitcairn,* 307 Mich 40; *Davidson* v. *City of Detroit,* 307 Mich 420; *Morrison* v. *Hall,* 314 Mich 522."

When did plaintiff's negligence cease to operate as a proximate cause of the accident? Apparently it is his theory that if he had made proper observation and seen the streetcar approaching him from the north at any time after he had come to a stop on the tracks, no purpose would have been served because there was nothing that he could have done to extricate himself from his position of peril; that he was trapped. The proofs, even when viewed in the light most favorable to plaintiff, utterly fail to support such theory. While he did testify that proceeding forward from the tracks on which he stood would have placed him in a position of equal peril on the tracks in front of the stationary northbound car or, beyond them, in the path of northbound automobiles which he had seen approaching, there was no testimony that there were southbound automobiles traveling in the lane nearest the island which would have rendered his backing into that lane unsafe, nor was there any proof from which the inference could be drawn that he could not have backed with safety into the 15-foot area between the west rail and the islands' west curb line, possibly in a position somewhat parallel with the tracks so as to keep the rear of his automobile entirely clear from the lanes devoted to southbound automobile traffic. Neither is it shown that he could not have avoided an accident and injury by moving his automobile from the path of the approaching southbound streetcar, had he seen it, and driving it forward and stopping in front of the stationary northbound car or,

beyond it, in the 15-foot area between the east rail and the islands' east curb line. There is no evidentiary support for plaintiff's theory that he was trapped or in a position of peril from which he could not extricate himself, as in *Golob* v. *Detroit United Railway, supra,* relied on in this connection by plaintiff. Consequently, it must be held that plaintiff failed to show that his negligence in failing to see the approaching southbound car and to attempt to remove himself from the position of peril in its path had ceased to operate as a proximate cause of the accident at any time prior to its occurrence.

Judgment *non obstante veredicto* affirmed, with costs to defendant.

North, C. J., and Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.