WALKER v. REBEUHR.

1. MOTOR VEHICLES—TRIAL—INSTRUCTION—SUDDEN EMERGENCY—CONTRIBUTORY NEGLIGENCE.

In action by pedestrian for personal injuries inflicted by automobile, instruction permitting plaintiff to recover even if he was guilty of wrongful act in causing sudden emergency was reversible error, since he may not recover, if guilty of contributory negligence, notwithstanding negligence of defendant.

2. SAME—LIABILITY OF DRIVER FACED WITH SUDDEN EMERGENCY.

Automobile driver faced with sudden emergency is not guilty of negligence if he fails to adopt what subsequently may appear to have been better method, unless emergency is brought about by his own negligence.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 5, 1931. (Docket No. 111, Calendar No. 35,798.) Decided June 25, 1931.

Case by John W. Walker against Georgia Rebeuhr and another for personal injuries caused by

On application of emergency rule to automobile drivers, see annotation in 6 A. L. R. 680; 27 A. L. R. 1197.

an automobile.  Judgment for plaintiff.  Defendants appeal.  Reversed, and new trial granted.

*Maxwell B. Allen* and *Howard W. Cavanagh,* for plaintiff.

*Hamilton, Cleary & Storkan,* for defendants.

CLARK, J.  Plaintiff claims damages for personal injuries by being struck by an automobile of defendant Georgia Rebeuhr, driven by her son, the other defendant.  Plaintiff had verdict and judgment.  Defendants have appealed.

The accident happened in the evening of May 21, 1929, on East Michigan avenue in Battle Creek.  The automobile passed a street car.  Whether the street car had stopped or was moving is a disputed question of fact.  The driver of the automobile, as he was passing, or just as he had passed the street car, at a reasonable and lawful speed according to his testimony, observed plaintiff a short distance in front of the street car, crossing the street and coming nearly into the rather narrow path of the automobile.  The driver in the instant, a second, he says, of time, applied brakes and swerved the automobile to the left in an effort to avoid plaintiff.  The right front bumper struck plaintiff.

An item of negligence averred against defendants is driving on the wrong side of the street.

The driver was in a sudden emergency, whether due to his own fault or not cannot be said as a matter of law.  Plaintiff contends that if there was an emergency it was produced by defendants in driving the automobile past a standing street car in violation of law.  On defendants' theory and evi-

dence, the emergency was not brought about by any negligence or wrong on their part.

The court instructed the jury:

"Therefore, in this case, if you find that defendant was confronted by a sudden and unexpected emergency because of the wrongful act of the plaintiff, then I charge you that the defendant cannot be held to the same deliberate action and conduct which he would be required to exercise if it were not for such sudden emergency, and if he had a longer time in which to use his judgment and discretion."

In this case if plaintiff was guilty of any wrongful act he was guilty of contributory negligence, assuming defendants' negligence, and he, therefore, could not recover, and the instruction, therefore, is idle. It is erroneous.

It is said in Huddy on Automobiles (8th Ed.), p. 359:

"One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence."

And in *Myler* v. *Bentley,* 226 Mich. 384 (23 N. C. C. A. 859):

"The law makes allowance for acts done in an emergency and in sudden peril and for lack of coolness of judgment incident thereto."

See, also, *Donker* v. *Powers,* 230 Mich. 237.

The case is close on facts. We cannot say the error was not prejudicial.

Other assignments, based on the charge, do not require discussion.

Reversed. New trial granted. Costs to appellants.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. NORTH, J., did not sit.