LAGASSEE *v.* QUICK.

1. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.
   Pedestrian's contributory negligence *held,* question for jury in her action against owner of car which struck her while she was crossing a city street.

2. SAME—INSTRUCTIONS—RIGHT SIDE OF ROAD.

    Instruction that driver of automobile shall drive it on right side of highway and, except on one-way streets or while passing a vehicle ahead, keep it as near right curb as practicable *held*, reversible error in case where motorist testified he drove near center of right half of 32-foot street and there was no other traffic (1 Comp. Laws 1929, § 4703). ,

3. SAME—NEGLIGENCE—QUESTION FOR JURY.

    In action by pedestrian for injuries received when she was hit by defendant's car while she was crossing a street, negligence of driver *held*, for jury.

4. SAME—SUDDEN EMERGENCY.

    If sudden emergency confronting defendant motorist was created solely by act of plaintiff pedestrian, a woman 62 years of age, in suddenly jumping or stepping backward into his path, he was entitled to instruction that under such an emergency, negligence should not be found merely because he did not adopt a different course to avoid the accident but if driver was guilty of negligence which helped to bring about the emergency, he was not entitled to benefit of such instruction.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 19, 1935. (Docket No. 91, Calendar No. 38,133.) Decided October 30, 1935.

Case by Elizabeth Lagassee against George A. Quick for personal injuries when hit by defendant's automobile while she was crossing a city street. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*William F. Sawn* (*Frank H. Pearce,* of counsel), for plaintiff.

*George A. Winkler* and *Kelley, Sessions, Warner & Eger,* for defendant.

WIEST, J. While crossing a paved street in the city of Battle Creek, the forenoon of April 22, 1932,

plaintiff was struck by an automobile, owned by defendant and driven by his 17-year old son, and was injured. She brought this suit to recover damages and, upon trial by jury, had verdict for $2,000 and judgment thereon.

Upon review defendant contends:

1. That plaintiff was guilty of contributory negligence as a matter of law;

2. The verdict was contrary to the great weight of the evidence;

3. The court erred in refusing to instruct the jury to apply the rule of emergency as claimed by the driver;

4. The court gave erroneous instruction as to the duty of the driver.

Plaintiff, who was 62 years of age, desired to cross the street from the east to the west side thereof, from an alley sometimes termed Sumac street, and testified that, before starting to cross, she waited for two cars from the south to pass and then looked to the right and left and, while crossing toward the center of the street, she looked to the left and was about to look to the right when she heard the horn of defendant's automobile and jumped back and was struck immediately, and at that time she was about three feet to the east of the center line of the pavement.

The driver of the car testified that he was driving south in the center of the west half of the pavement, the proper lane of travel, saw plaintiff, when she was between 125 to 150 feet away, as she stepped on the east side of the pavement; that she walked fast looking toward the south and he started to slow up; that she went between three and five feet to the west of the center line of the pavement, and he was then driving between five and ten miles per hour; blew

his horn and drove his car to the left to pass back of her; that she turned toward the car, jumped back and was struck.

It is somewhat difficult to reconcile plaintiff's claim of her position on the pavement at the time she was struck and her position and that of the automobile immediately following the accident. The question was for the jury and, as curious results sometimes follow collisions, we are loath to hold that the facts disclosed after the accident should have been accepted by the jury instead of the positive testimony of the plaintiff that, when struck, she had not reached the center of the pavement.

The driver of the car testified that plaintiff had passed the center black line of the pavement and he swerved the car to pass behind her and she jumped back in the otherwise free pathway of the car.

Upon this claim defendant requested an instruction that, under such a sudden emergency, negligence should not be found merely because the driver did not, when so confronted, adopt a different course to avoid the accident. The claimed emergency, under the driver's testimony, was not wholly created by act of plaintiff. He saw plaintiff, at a considerable distance from him, start to cross the pavement, watched her progress, saw her walking rapidly without looking in his direction and, when she was in the path of his car, sounded the horn. At that time he had reduced the speed of the car to a point where he could almost instantly have stopped but, instead of doing so, took the chance of sounding the horn and that plaintiff, whom he claimed was wholly inattentive to his approach, would move forward instead of backward. Defendant was not entitled to have the requested instruction.

The contributory negligence of plaintiff, if any, was a question of fact for the jury.

We find one serious error in the instructions to the jury. The driver testified that he drove about the center of the west half of the pavement. The pavement was 32 feet wide. If so driving, he was not violating any law, for there was no other traffic upon the street, and the court was in error in saying to the jury:

"I charge you that it is the law that upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and that a vehicle except when passing a vehicle ahead, shall keep to the right and as near the right curb as practicable."

There was no traffic making it necessary for the driver to keep near the curb so the instruction branded the driver as a violator of the law at the very time of the accident, and left the jury but little distance to go in finding the driver guilty of negligence. The instruction was evidently based on 1 Comp. Laws 1929, § 4703, which regulates common traffic user, and prevents hogging of the road, but wholly without any issue in the case at bar.

For the error pointed out the judgment is reversed and a new trial granted, with costs to defendant.

NORTH, J. (*concurring in reversal*). I concur in the result reached by Mr. Justice WIEST; but I am not in accord with that portion of his opinion wherein he states:

"Upon this claim (that plaintiff by suddenly jumping or stepping back into the path of the auto-

mobile created an emergency) defendant requested an instruction that, under such a sudden emergency, negligence should not be found merely because the driver did not, when so confronted, adopt a different course to avoid the accident. The claimed emergency, under the driver's testimony, was not wholly created by act of plaintiff.''

To hold that the emergency, if so caused, ''was not wholly created by act of plaintiff,'' is in effect to hold as a matter of law that the driver of the automobile was guilty of some negligence which caused or contributed as a cause to the emergency. Under this record his negligence was a question of fact. If the emergency was caused wholly by the act of plaintiff, the defendant was entitled to have the request given, at least in substance, as preferred. The trial court might well have balanced his charge to the jury by also stating that in case the jury found as a fact that the driver was guilty of negligence which helped to bring about the emergency, then he was not entitled to the benefit of the requested charge. Since a new trial is granted, I think the law as stated above should be embodied in our opinion.

POTTER, C. J., and FEAD, BUTZEL, BUSHNELL and EDWARD M. SHARPE, JJ., concurred with NORTH, J.

The late Justice NELSON SHARPE took no part in this decision.