MURNER *v.* THORPE.

1. AUTOMOBILES—EMERGENCY—NEGLIGENCE.

Rule that motorist faced with sudden emergency is not guilty of negligence if he fails to adopt what subsequently may appear to have been a better method, only applies if the emergency has not been brought about by the motorist's own negligence.

2. SAME—GROSS NEGLIGENCE—QUESTION FOR JURY.

Under evidence showing that host motorist drove his car without lights in the nighttime, around corners and through intersections at a high rate of speed in an effort to avoid a pursuer and with consideration only for his own escape from physical violence at the hands of such pursuer, question of whether or not he was guilty of gross negligence *held*, for jury in action by guest passenger (1 Comp. Laws 1929, § 4648).

3. EVIDENCE—ADMISSIONS OF LIABILITY.

Statements by a party which furnish a basis for an inference that he considers himself liable for negligence are properly permitted to be shown as an admission of liability.

4. AUTOMOBILES—GUEST PASSENGERS—EVIDENCE.

Questions of meaning of statement, made by defendant owner of car to plaintiff's father who informed former that action was to be brought against him for accident, to ''go ahead; I hope she wins'' and whether or not it was made *held*, properly admitted as evidence and submitted to jury in guest passenger action (1 Comp. Laws 1929, § 4648).

5. SAME—WEIGHT AND CREDIBILITY OF TESTIMONY—GUEST PASSENGERS.

Weight and credibility of plaintiff's testimony in guest passenger's action against host *held*, peculiarly a question for the jury where defendant introduced contradictory testimony given by plaintiff in action brought by her mother, as next friend,

against driver of other car involved in collision in which case defendant had played an active role, secured an attorney for plaintiff and her parents and sought to avoid liability himself (1 Comp. Laws 1929, § 4648).

6. APPEAL AND ERROR—VERDICTS—GREAT WEIGHT OF EVIDENCE.
   On appeal from verdict and judgment for plaintiff guest passenger, Supreme Court will not disturb verdict unless it is contrary to the great weight of the evidence.

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted January 4, 1938. (Docket No. 8, Calendar No. 39,755.) Decided June 6, 1938.

Case by Virgiline Murner against John Thorpe and Thomas Thorpe for personal injuries sustained while riding as a guest passenger. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Campbell & Campbell* and *Meggison & Menmuir*, for plaintiff.

*L. J. Carey, Geo. J. Cooper* and *Robert B. Murchie*, for defendants.

McALLISTER, J. On Saturday night, March 23, 1935, Thomas Thorpe, a young man 20 years old, while driving a car owned by his father, John Thorpe, had a collision with another car at a street intersection in Traverse City, Michigan. Plaintiff at the time of the accident was riding in the car driven by defendant, as his guest. As a result of the collision, she was seriously injured, suffering a possible fracture at the base of the skull and numerous cuts and lacerations. She brought this action against defendant and his father, John Thorpe, the owner of the automobile, claiming that the defendant driver

was guilty of gross negligence. The case was tried before a jury which returned a verdict in favor of plaintiff upon which judgment was entered.

Defendants appeal, claiming that the court should have directed a verdict of no cause of action for the reason that there was no evidence of gross negligence or wilful and wanton misconduct to warrant submitting the case to the jury.

On the night in question, defendant Thomas Thorpe met the plaintiff at a restaurant and went to a dance hall where they stayed for some time. They afterward rode down to a tavern, then to a hotel and later to the home of Miss McMann, a girl friend of the defendant. The defendant went to the house alone and came out shortly thereafter. He had previously been going with the McMann girl. Thorpe then drove out to a dance hall which was closed and afterward came back to the McMann home. From here he started out again and shortly after leaving, another automobile started to follow him. He then drove through the city out to the golf course where he turned off the road and extinguished his lights. The pursuing car passed him and he then backed out and turned again toward town driving without lights. He believed that the car which was following him was being driven by Louis Sleder who was a friend of the McMann girl and he was afraid that if he were caught, Sleder would give him a beating.

After defendant Thomas Thorpe had returned to the city, he continued to drive without lights until he crashed into an automobile driven by Robert Fairbanks at the intersection of Sixteenth and Union streets, causing the injuries to plaintiff for which she seeks damages.

Plaintiff testified that after she and the defendant Thomas Thorpe had left the golf club, defendant

drove back to the city at an unreasonable rate of speed, after having turned off the lights; and that from that time until the collision, defendant was turning corners and driving through intersecting streets at a high rate of speed and without lights, in an effort to avoid the car which was chasing him. Plaintiff testified that she repeatedly asked defendant to turn on his lights and not to drive so fast, but that he continually refused her requests, and that he appeared to be both angry and fearful because of the pursuing automobile.

Robert Fairbanks, the driver of the car which was struck by defendant's automobile, testified that he was half way across the intersection at the time of the collision; and that in a flash, his car was struck by defendant's automobile which had no lights burning. Fairbanks stated that he was thrown about 30 feet out of his car by the impact and that his car was tipped over. He got up and started back to help the passengers out of his car, but, before doing so, went over to defendant's car to shut off the motor which was running wide open; and the car itself was jammed into the corner of a house. From the place of the collision it had continued on, diagonally to the left across the intersection and over a sidewalk for a distance of 60 feet, until it crashed into the house. The occupants of the house had retired for the night. When the crash occurred they thought from the sound that it had been struck by lightning. Mr. Parmeter, the owner, said that the "bed jumped up." In the parlor, which was the corner room, the force of the impact "knocked the plaster pretty near all off—cracked it all up and knocked the plaster off." At the other end of the house, in the bedroom, it cracked the plaster ceiling. The house itself was driven about three inches off its foundation.

The defendant driver, Thorpe, told several witnesses at the scene of the accident that he had been "driving like hell" to escape from another car which was pursuing him and that he would have "gotten a licking" if they caught him.

The principal defense is that defendant was driving in this manner because he was afraid of being caught and beaten up. It is claimed that, as he was actuated by such a fear, his conduct should be considered as that of a person confronted by an emergency. But this rule only applies if the emergency has not been brought about by the party's own negligence. *Walker* v. *Rebeuhr,* 255 Mich. 204.

Defendant, in driving his car without lights, around corners and through intersections at a high rate of speed in an effort to avoid a pursuer and with consideration only for his own escape from physical violence at the hands of such pursuer, was acting with conscious indifference and with reckless disregard of consequences. *Banks* v. *Banks,* 283 Mich. 506. Under the evidence plaintiff was entitled to go to the jury on the question of the gross negligence of defendant Thomas Thorpe.*

It is claimed, however, by counsel for defendant that the court was in error in permitting testimony as to certain conversations between plaintiff's father and defendant John Thorpe, the owner of the automobile causing the injuries.

It appears that plaintiff's father told John Thorpe that they were arranging to have plaintiff bring suit against him for the accident, and that thereupon said Thorpe stated: "Go ahead; I hope she wins." It is insisted by defendant's counsel that the admission of such testimony was prejudicial and reversible

* See 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).—REPORTER.

error.   Plaintiff contended that it shows an admission of liability on the part of the defendant.

Statements by a party which furnish a basis for an inference that he considers himself liable for negligence are properly permitted to be shown as an admission of liability.   *Lund* v. *Lough,* 186 Mich. 640.

The statement of defendant might or might not appear to indicate that he admitted liability.   He denied making the statement.   But the question of what he meant, or whether he made the remark, was properly admitted by the court as evidence for the consideration of the jury.   Defendants cite in support of their contention, *Kinney* v. *Folkerts,* 78 Mich. 687, which we do not think is applicable.   In that case, defendant only directed someone to tell the injured plaintiff, "that the company would see him through all right, and not to worry, and that that would do him more good than all the medicine, or all the doctors, could do for him."   Such a statement is not inconsistent with a benevolence of character, which, however, does not assume blame or admit fault.

A further claim is made by defendant that the verdict was contrary to the great weight of the evidence, and for this contention, defendant relies upon the contradictory testimony of plaintiff in a previous case.   Plaintiff's mother, as her guardian, had started suit against Fairbanks, the driver of the other car in the collision, and it was on the hearing of such cause that plaintiff had testified.   Defendant John Thorpe had busied himself in this case against Fairbanks by consulting the lawyer employed by plaintiff's mother and assuming an unusual position in the matter, in view of his possible liability.   Because of his activity to avoid such liability himself,

by assisting plaintiff's mother to sue Fairbanks, and because of the reliance placed upon defendant by plaintiff and her parents, in confiding her case to a lawyer recommended by said defendants, we are of opinion that the weight and credibility of plaintiff's testimony was peculiarly a question for the jury. Unless the verdict is contrary to the great weight of the evidence, it will not be disturbed upon appeal. *Harding* v. *Blankenship,* 274 Mich. 118.

In view of the foregoing, it is unnecessary to review questions raised concerning the insufficiency of the opening statement of plaintiff's counsel, and other matters discussed by counsel. The case was submitted to the jury under proper instructions, and the trial court was not in error in refusing to direct a verdict for defendants.

Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.