## HANSEL v. HAWKINS.

1. AUTOMOBILES—SUDDEN EMERGENCY—INSTRUCTIONS—EVIDENCE.
   Where testimony is in conflict as to how and why a collision took place between automobiles at an intersection and defendant sought to have the jury instructed concerning the so-called "sudden emergency rule," the court's failure to apprise the jury that a party is entitled to the benefit of that rule only if the emergency occurs through no fault or negligence of his own constituted reversible error.

2. TRIAL—INSTRUCTIONS—REQUEST TO CHARGE BY OPPOSITE PARTY.
   The failure of plaintiff to request a charge to the jury respecting application of the sudden emergency rule in an automobile accident case arising from a collision at an intersection did not preclude complaint that trial court committed reversible error in presenting defendant's request to charge as to sudden emergency rule.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur, Automobiles, § 741.

Appeal from Jackson; Boardman (Harry D.), J. Submitted October 5, 1949. (Docket No. 33, Calendar No. 44,242.) Decided December 7, 1949. Rehearing denied January 9, 1950.

Case by Bessie Hansel against Ruth Hawkins for personal injuries sustained in automobile accident. Cross-action by defendant against plaintiff for personal injuries sustained in same accident. Verdict and judgment of no cause of action as to either party. Plaintiff appeals. Reversed and remanded for new trial.

*Walter M. Nelson,* for plaintiff.

*Phillip C. Kelly,* for defendant.

DETHMERS, J. Automobiles driven by plaintiff and defendant collided at or near an intersection, causing damages to both parties. The case went to trial on plaintiff's declaration, defendant's cross-declaration, and their respective answers. The jury rendered a verdict of no cause for action as to either party and plaintiff appeals.

At defendant's request the court instructed the jury concerning the so-called "sudden emergency rule." The charge failed to apprise the jury that a party is entitled to the benefit of that rule only if the emergency occurs through no fault or negligence of his own. Such failure we held to constitute reversible error in *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich 528, in which, as here, the testimony was conflicting as to how and why the accident happened and in which the instruction as to sudden emergency, quoted in our opinion there, was almost identical to the one given here. To the same effect, see *Walker* v. *Rebeuhr,* 255 Mich 204; *Lagassee* v. *Quick,* 273 Mich 295; *Anderson* v. *Bliss,* 281 Mich 323; *Murner*

v. *Thorpe,* 284 Mich 331. Defendant contends that plaintiff may not now object to the instruction as given because she made no request to charge on this point. Such is not the rule. *Pierson* v. *Smith,* 211 Mich 292. Plaintiff's other claims on appeal we deem without merit.

The judgment of no cause for action in favor of defendant and against the plaintiff is reversed and a new trial granted, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.