BUTLER *v.* CITY OF DETROIT.

1. CARRIERS—PROSPECTIVE PASSENGER—CONTRIBUTORY NEGLIGENCE—
   EVIDENCE.
   Prospective passenger of city bus *held,* not to have established
   her freedom from contributory negligence as a matter of law
   in getting her leg under the bus at loading platform under
   evidence presented.

2. SAME—SUBSEQUENT NEGLIGENCE AS MATTER OF LAW.
   City bus driver *held,* not guilty of subsequent negligence as a
   matter of law, where it appears that he heard screams at
   loading platform, stopped the bus, heard screams increase
   and thought the bus was on something and that he heard
   someone say "Pull ahead" and then ran over prospective
   passenger's leg, since he was confronted with a sudden
   emergency as to what should be done.

3. SAME—SUBSEQUENT NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—
   EVIDENCE.
   Plaintiff, a prospective bus passenger at a loading platform who
   somehow came into contact with the bus and fell down in
   such a way as to cause her feet to extend in front of her
   and under the bus *held,* not to have shown herself free from
   contributory negligence in failing to remove her feet from
   the path of the bus wheel, a prerequisite to her right to have
   matter of bus driver's subsequent negligence submitted to
   the jury.

4. NEGLIGENCE — SUBSEQUENT NEGLIGENCE — CONTRIBUTORY NEGLI-
   GENCE.
   A plaintiff who claims question as to whether defendant was
   guilty of subsequent negligence should be submitted to jury
   must show that she was free from contributory negligence
   which continued to operate as a proximate cause up to the
   instant of her injury.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  10 Am Jur, Carriers § 1522.
[2]  10 Am Jur, Carriers § 1356.
[4]  38 Am Jur, Negligence § 218.

Appeal from Wayne; Webster (Arthur), J. Submitted June 16, 1954. (Docket No. 63, Calendar No. 46,016.) Decided September 8, 1954.

Case by Tessa A. Butler against the City of Detroit, a municipal corporation, as operator of transportation system under its department of street railways, for injuries sustained when run over by a bus at a loading platform. Verdict and judgment of no cause for action. Plaintiff appeals. Affirmed.

*Markle, Markle & Eubank,* for plaintiff.

*Leo A. Sullivan* (*James S. Shields,* of counsel), for defendant.

DETHMERS, J. Plaintiff appeals from judgment entered on a jury verdict of no cause for action in her suit for damages resulting from personal injuries sustained when defendant's bus ran over her. The case was submitted to the jury on questions of defendant's negligence and plaintiff's freedom from contributory negligence. Plaintiff claims as error the trial court's refusal to instruct the jury, as requested, on the theory of subsequent negligence.

Plaintiff was on defendant's loading platform. In some manner she and the moving bus came in contact and she was knocked or fell down, coming to rest with her legs extended in front of her and under the bus. She claims that she and other persons then screamed and the bus stopped, that up to that point she had not been injured seriously, but that thereafter the bus started up and its right rear wheel ran over her left leg and foot causing the injury for which suit was brought. Defendant's bus driver testified that he heard the screams and stopped the bus; that the screams increased and it seemed as though he heard someone say, "Pull ahead;" that he then thought the

bus was on something and so, without investigating or actually knowing the reason for the screaming, he thereupon started the bus, pulled ahead 2 or 3 feet, and heard the wheel of the coach roll off some object; that he stopped the bus again, got out and walked to where plaintiff lay injured.

Plaintiff did not establish freedom from contributory negligence as a matter of law, as she claims, in getting her leg under the bus. Was there a question of subsequent negligence on the part of defendant's driver to go to the jury? In declining to so instruct the jury and in denying plaintiff's motion for a new trial the court expressed the view that when the bus driver stopped the bus after hearing screams and then heard the screams increase and thought he heard someone say "Pull ahead," he was put suddenly in peril, confronted with a sudden emergency, under which circumstances the judgment he exercised in pulling ahead 2 or 3 feet ought not to be judged by the standard of what, upon reflection, would have seemed the best course of action to pursue after the peril had ended, citing *Fehnrich* v. *Michigan Central R. Co.,* 87 Mich 606; that the driver had acted within seconds after hearing the screaming and had had as much right at that instant to assume that it would be helpful and cause less harm to move the bus ahead than to keep it standing while getting out to investigate, as plaintiff urges that he should have done; that to permit the jurors to speculate on what the driver should have done under an emergency condition would make them "typical Monday quarterbacks;" that the driver was, as a matter of law, not guilty of subsequent negligence.

Was the question of the driver's subsequent negligence one of law for the court or of fact for the jury? Under many circumstances the question of whether a defendant's actions or failure to act were in accord

with what an ordinary, prudent person would have done is a question of fact. The essence of what is claimed to constitute the driver's subsequent negligence here is his exercise of judgment as to whether, after having stopped the bus, he should keep it standing and make an investigation, or whether, in view of the increased screaming and the fact that he thought the bus was on something and that someone had said "Pull ahead," he should drive ahead 2 or 3 feet, as he did. Plaintiff says the driver had all the time in the world to make that decision because she had not yet been injured then. What the driver heard and thought at that instant indicated to the contrary. We think the trial court correct in considering the driver's judgment one that was required to be made under emergency conditions not shown to have been of his making and that for that reason it should not be subject to the speculation and hindsight of a jury as to what would appear, after mature reflection, to have been a better course to pursue to avoid injury to another. In point are *Walker* v. *Rebeuhr,* 255 Mich 204; *Loucks* v. *Fox,* 261 Mich 338. We also note in passing, though it is not urged in the briefs, that plaintiff's proofs do not sufficiently disclose the time and opportunity she had, after falling, to remove her foot from the path of the bus wheel to avoid injury, whether she did what she could have done in that respect, and, hence, whether she was free from contributory negligence which continued to operate as a proximate cause up to the instant of her injury, a prerequisite to the right to go to the jury on the theory of subsequent negligence on the part of defendant's driver. Under the circumstances the trial court did not err.

Judgment affirmed, with costs to defendant.

BUTZEL, C. J., CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.