HICKS *v.* B & B DISTRIBUTORS, INC.

1. NEGLIGENCE—SUDDEN EMERGENCY—INSTRUCTIONS.

Charge to jury that defendant would not be liable for alleged negligence if he was faced with a sudden emergency without also advising the jury that a party would be entitled to the benefit of the sudden emergency rule only if the emergency occurred through no fault or negligence of his own was reversible error.

2. AUTOMOBILES—REAR-END COLLISION—SUDDEN EMERGENCY—INSTRUCTIONS.

A new trial is ordered in action by husband, individually and as administrator of his wife's estate, against defendant motorist who collided with rear end of car driven by decedent, where instruction requested by defendant and given by the court that defendant would not be liable if jury found he was confronted by a sudden emergency but failed to advise jury that such rule would apply only if the emergency occurred through no fault or negligence of defendant.

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 4, 1958. (Docket Nos. 16, 17, Calendar Nos. 47,397, 47,398.) Decided September 9, 1958.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 41.
[2] 5A Am Jur, Automobiles and Highway Traffic § 212.

Case by Ira Hicks, administrator of the estate of Lennie B. Hicks, against B & B Distributors, Inc., a Michigan corporation, and Richard E. McCarthy under the death act for damages resulting from automobile collision. Similar action by Ira Hicks in his own right for medical expense and property damage. Cases consolidated for trial and appeal. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Alphonso E. Sirica* and *Gvazda & Shere (Norman W. Stern,* of counsel), for plaintiff.

*Carl F. Davidson,* for defendants.

Kavanagh, J.   Plaintiff brought suit in circuit court to recover damages for personal injuries to his wife, claimed to have resulted from defendant Richard E. McCarthy's negligence in the operation of a truck.   One declaration was filed by plaintiff, Ira Hicks, as administrator of the estate of Lennie B. Hicks, deceased, seeking damages for pain and suffering, loss of earnings, and expenses; the other by plaintiff, Ira Hicks, in his individual capacity, alleging that as a result of the negligence of defendant Richard E. McCarthy's operation of defendant B & B Distributors truck, causing said truck to run into the back end of the car driven by plaintiff's wife, injuries were sustained which resulted in her death, and he had become liable for medical, hospital, funeral, and burial expenses.   Plaintiff sought to recover for these and for the loss of his wife's services, as well as for damage to his automobile.

The declaration alleged that on or about the 27th day of July, 1954, at or about 4:10 p.m. of that day and date, the plaintiff's wife, Lennie B. Hicks, was operating plaintiff's Plymouth automobile in an easterly direction on Peterboro avenue at and near

Cass avenue in the city of Detroit, Wayne county, Michigan; that on the day and date and time aforesaid, defendant Richard E. McCarthy was operating a Dodge truck in an easterly direction on Peterboro avenue; that the truck was owned by defendant B & B Distributors, Inc.; that defendant McCarthy was driving said truck with the knowledge, consent, and permission of the said B & B Distributors, Inc.; that said defendant McCarthy so operated his vehicle as to run into the back end of plaintiff's automobile while said automobile was standing and stopped waiting for a red light on Cass avenue near Peterboro avenue in the city of Detroit, Michigan; that plaintiff's wife received serious injuries, and subsequently died as a result thereof. It was further averred that plaintiff's wife at the time of the accident was free from any contributory negligence, and that defendant McCarthy's negligence was the proximate cause of the accident.

The cases were consolidated and tried before a jury on the declarations and answers. During the trial a dispute arose over some distances on a map prepared by an engineer relative to the intersection involved. The pretrial statement indicates that counsel for both parties had agreed that the map should be prepared and admitted in evidence. When it was offered, the attorney for defendant objected to what he alleged were incorrect distances on the map. Other testimony was introduced to show the map was incorrect.

At the conclusion of proofs both sides moved for a directed verdict. Both motions were denied. The jury returned a verdict of no cause for action, and judgment was entered in the consolidated cause by the trial judge. Motion to set aside the verdict of the jury and grant a new trial was made by the plaintiff. The trial court denied the motion.

Plaintiff has appealed to this Court, claiming the lower court erred in the following manner:  (1) the charge of the court was erroneous and prejudicial to plaintiff; (2) the court erred in permitting a disputed map to be taken into the jury room during the deliberations; (3) the court erred in refusing to direct a verdict for plaintiff; (4) the court erred in denying plaintiff's motion for a new trial in that the verdict was against the great weight of the evidence, and defendant failed to sustain the burden of proving that the decedent was guilty of contributory negligence; (5) the court's instructions to the jury were contrary to law.

At defendants' request the trial court instructed the jury concerning the so-called sudden-emergency rule in the following language:

"Counsel for defendant has also asked me to give you a request to charge.  In this case there was a claim by the defendant driver that the deceased driving her car came to a sudden stop in front of him. The defendant driver claimed she came to a sudden stop.  There is testimony in support of each claim, both that he did not see what he was doing or he ran into her without his car under control because he did not keep his car under control so he could stop in the safe clear distance ahead; and also testimony that she came to a sudden stop.  So that is a controversial issue in the case.

"If the plaintiff came to a sudden stop without giving ample warning to the defendant driver, then the jury could find she was guilty of contributory negligence; or the jury could find that under the circumstances the defendant driver was faced with a sudden emergency and was not negligent in colliding with the plaintiff's car.  That is taken from 310 Michigan page 219."*

The charge failed to advise the jury that a party

---

* *Resnik* v. *Trumbull-Chevrolet Sales Co.,* 310 Mich 214.—Reporter.

is entitled to the benefit of the sudden emergency rule only if the emergency occurs through no fault or negligence of his own.

Such an instruction as the one above has been considered by this Court on several occasions, and the failure to advise the jury that a party is entitled to the benefit of that rule only if the emergency occurs through no fault or negligence of his own, has, in each instance, been held to constitute reversible error. *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich 528; *Hansel* v. *Hawkins,* 326 Mich 177, and cases to the same effect therein quoted by Chief Justice DETHMERS, including *Walker* v. *Rebeuhr,* 255 Mich 204; *Lagassee* v. *Quick,* 273 Mich 295; *Anderson* v. *Bliss,* 281 Mich 323; *Murner* v. *Thorpe,* 284 Mich 331.

In *Lepley* v. *Bryant,* 336 Mich 224, 235, Justice CARR incorporates in his opinion a paragraph from Huddy on Automobiles, taken from *Walker* v. *Rebeuhr, supra,* and, also, refers to the cases cited by Chief Justice DETHMERS, *supra,* in support of the contention that the request to charge by the defendant in that case (which was similar to the one in the instant case) did not constitute a complete and proper statement of the sudden emergency rule, and, therefore, the trial court correctly refused to give it.

It is the contention of defendant that no complaint or objection to the charge was made by the plaintiff, either at the time of trial or in the argument for new trial, and that, therefore, he cannot now object to the instruction as given. Such is not the rule. *Pierson* v. *Smith,* 211 Mich 292; *Hansel* v. *Hawkins, supra.* Failure to give a proper charge constituted reversible error.

The order denying the motion for new trial is reversed. A new trial is granted, with costs to plaintiff.

In view of the fact that the other alleged errors are not likely to occur in a new trial of the case, we deem it not necessary to discuss them.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.