Hazel ADKINS and Howard Adkins, Plaintiffs-Appellants,

v.

Richard L. PIERSON, Defendant-Appellee.

No. 17130.

United States Court of Appeals
Sixth Circuit.

March 22, 1967.

---

2. At other times, and at the trial, the defendant contended that he was a victim of a "frame."

Sherwin Schreier, Detroit, Mich., Maile, Leach & Silver, Detroit, Mich., on brief, for appellants.

John D. Hayes, Detroit, Mich., Ward, Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., on brief, for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and PORTER *, District Judge.

PER CURIAM.

Two actions were filed in the District Court arising out of an automobile collision on December 16, 1961, at 9:30 p. m. on U. S. 24, Monroe County, Michigan, between a vehicle owned and operated by Richard L. Pierson, hereinafter referred to as Appellee, and a vehicle in which Hazel and Howard Adkins, hereinafter referred to as Appellants, were passengers. The vehicle, in which the Appellants were passengers in the rear seat, was struck from the rear after it had become disabled upon the highway and was not in motion and was without lights or other illumination.

In Civil Action No. 23,309, Appellee Pierson sued the owner and driver of the vehicle in which the Appellants were passengers. In Civil Action No. 24,240, Pierson was sued by the Appellants. The two cases were consolidated for trial. In Case No. 24,240, in which Appellee Pierson was Defendant, the defense was that he was confronted with a sudden emergency which created the perilous condition causing the collision. The jury, hearing the two cases jointly, awarded a money judgment to Appellee Pierson in Case No. 23,309, and returned a verdict in favor of Appellee Pierson against the Appellants of no cause of action in Case No. 24,240.

This appeal is initiated only from the jury's verdict in Case No. 24,240.

The only issue raised on appeal is whether or not the Trial Court properly instructed the jury on the doctrine of sudden emergency.

Appellants contend that the Trial Court committed reversible error when it failed to include in its charge the specific language of the emergency doctrine, "that the party is entitled to the benefit of the rule only if the emergency occurs through no fault of his own". Appellants took their exception to the Court's charge and also asked the Court to correct its charge prior to the jury beginning deliberation. The Court refused to do so, believing its charge adequately covered this request.

Appellee contends that the charge, when viewed as a whole, properly instructed the jury as to the applicable law. This Court must apply the Michigan law.

The sudden emergency doctrine has been fully defined by the Michigan Supreme Court in Socony Vacuum Oil Co. v. Marvin, 313 Mich. 528, 21 N.W.2d 841 (1946), wherein the Court said:

"It is claimed that the charge as given ignored the limitation that the socalled emergency doctrine did not apply if the peril was caused by negligence on the part of plaintiff's driver or if his

* Honorable David S. Porter, United States District Judge for the Southern District of Ohio, sitting by designation.

negligence contributed to such result. The general rule is stated in Huddy on Automobiles, 8th Ed., p. 359, as follows:

" 'One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.' The rule so stated was quoted, with approval by this Court in Walker v. Rebeuhr, 255 Mich. 204, 237 N.W. 389.

"In view of the conflicting testimony as to how and why the accident happened, the jury should have been told that plaintiff was not entitled to the benefit of the emergency doctrine if his negligence contributed to or brought about the sudden peril by which it claims its driver was confronted. Under the holdings of this Court in Walker v. Rebeuhr, supra; Lagassee v. Quick, 273 Mich. 295, 262 N.W. 915, and other decisions of like import, we think that the failure to state the rule in such manner as to embody the necessary qualifications was erroneous."

This doctrine was reiterated in Hicks v. B & B Distributors, Inc., 353 Mich. 488, 91 N.W.2d 882 (1958) when the Court held:

"The charge failed to advise the jury that a party is entitled to the benefit of the sudden emergency rule only if the emergency occurs through no fault or negligence of his own.

"Such an instruction as the one above has been considered by this Court on several occasions, and the failure to advise the jury that a party is entitled to the benefit of that rule only if the emergency occurs through no fault or negligence of his own, has, in each instance, been held to constitute reversible error. Socony Vacuum Oil Co. v.

Marvin, 313 Mich. 528, 21 N.W.2d 841; Hansel v. Hawkins, 326 Mich. 177, 40 N.W.2d 109, and cases to the same effect therein quoted by Chief Justice Dethmers, including Walker v. Rebeuhr, 255 Mich. 204, 237 N.W. 389; Lagassee v. Quick, 273 Mich. 295, 262 N.W. 915; Anderson v. Bliss, 281 Mich. 323, 274 N.W. 809; Murner v. Thorpe, 284 Mich. 331, 279 N.W. 849."

See also Barringer v. Arnold, 358 Mich. 594, 101 N.W.2d 365 (1960):

The Trial Court's charge on sudden emergency was as follows:

"There has been discussion about an emergency and what care is required. I charge you that when one is confronted with sudden peril, he is not required to exercise the coolness of judgment and care that a person who would—I will read it over again.

"I charge you that when one is confronted with sudden peril, he is not required to exercise the coolness of judgment and care that a person would who was not confronted with danger, and is only required to act with that degree of care which an ordinarily prudent person would exercise if placed in such a position. To put it another way: One who is suddenly put in peril is not required to do that which, after the peril is ended, it is seen he might have done and escaped. The law makes allowance for the fright and lack of coolness of judgment incident to such peril or danger.

"If such person in good faith acts as a person of ordinary prudence might have acted under the circumstance, he will not be guilty of either negligence or contributory negligence, even though the act done is actually dangerous and results in injury in attempting to escape injury."

It is obvious from a reading of the Court's charge, and the appellee concedes that the charge failed to include the specific language of limitation of the emergency doctrine, "unless the emergency in which he finds himself is brought about by his own negligence."

Under Michigan law, where the emergency doctrine is applicable, it is incumbent upon the Court to give the complete emergency doctrine, and failing to do so is prejudicial error, even though the Court charged on the elements of negligence.

The case is reversed and remanded for new trial.